**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4604-18T2

TONY PING YEW,

    Plaintiff-Appellant,

v.

INSERVCO INSURANCE
SERVICES, INC.,

    Defendant-Respondent.

_____

Submitted May 11, 2020 – Decided June 22, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5407-18.

Tony Ping Yew, appellant pro se.

Margolis Edelstein, attorneys for respondent (Emery J. Mishky and Stephanie Yoon-Sun Cho, on the brief).

PER CURIAM

Tony Ping Yew appeals from an order dismissing with prejudice his complaint that Inservco Insurance Services, Inc., the third-party claims

administrator for Robert Wood Johnson University Hospital (RWJUH), failed to negotiate a settlement of Yew's claim against the hospital. The court found Inservco had no duty to engage in settlement negotiations with plaintiff because it was not the hospital's insurer. Having reviewed Yew's arguments in light of the record and applicable law, we affirm.

After Yew's godfather died at RWJUH, Yew filed two separate complaints, later consolidated, alleging medical malpractice by the hospital and its staff.[1] He also filed a complaint against Inservco alleging unfair trade practices, bad faith, and gross negligence for failure to negotiate a settlement with him on behalf of RWJUH. Yew alleged he was a "third party with [a] vested interest." He attached as an exhibit to his complaint a letter from Inservco denying his claim. In the letter, Inservco asserted it was a "third party administrator for . . . RWJUH . . . with regard to their professional and general liability self-insurance claims program."

Inservco moved for dismissal of Yew's complaint for failure to state a claim under Rule 4:6-2(e). Inservco argued it had no duty to engage in settlement negotiations with Yew because it was a third-party claims administrator, not an insurer.

---

[1] Those complaints were later dismissed with prejudice.

A-4604-18T2

After oral argument, the court found Inservco established it was not the insurer of the named defendants in the medical malpractice case. The court noted Inservco was a third-party claims administrator, and thus, had no duty to negotiate a settlement on behalf of RWJUH. The trial judge stated orally she would grant Inservco's motion to dismiss without prejudice, but on the same day entered an order granting the motion with prejudice. The judge also denied as moot Yew's motions to compel discovery and to amend his complaint to add Inservco's parent, Penn National Insurance.

Yew filed a motion for reconsideration, and leave to amend the complaint to add Penn National. The court denied Yew's motions, holding he had not presented anything new. Yew then filed yet another motion to amend his complaint to add Penn National as a defendant. The court treated this motion as a "second Notice of Motion for Reconsideration," and denied it as well.

Yew appeals from these orders. Yew argues: the court considered matters outside the record; his complaint should not have been dismissed because he alleged sufficient facts to support his claims; the court erred by dismissing his complaint with prejudice; the judge created an appearance of impropriety; and his motions to compel discovery and amend his complaint should not have been dismissed as moot.

A-4604-18T2

We review de novo the trial court's dismissal order under Rule 4:6-2(e), Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019), applying the same standard as the trial court, MasTec Renewables Constr. Co., Inc. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020). "Our review is limited to the 'legal sufficiency of the facts alleged in the complaint.'" J-M Mfg. Co. v. Phillips & Cohen, LLP, 443 N.J. Super. 447, 453 (App. Div. 2015) (quoting Donato v. Moldow, 374 N.J. Super. 475, 482 (App. Div. 2005)). We assume plaintiff's factual allegations are true, and draw all inferences in plaintiff's favor. Ibid. Nonetheless, dismissal is appropriate if "the complaint states no basis for relief and discovery would not provide one[.]" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005).

Applying that standard, we discern no error. Contrary to Yew's arguments, the court did not improperly consider materials outside his complaint in finding Inservco was not an insurer. The trial court relied on an exhibit attached to the complaint which stated Inservco was a "third party administrator for . . . RWJUH . . . with regard to their professional and general liability self-insurance claims program." See Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) ("In evaluating motions to dismiss, courts consider

'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. '") (quoting <u>Gandi</u>, 184 N.J. at 183).

We are also satisfied that the trial court correctly found that Yew failed to allege sufficient facts to state a claim against Inservco. Generally, "the insurer has an affirmative duty to explore settlement possibilities." <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co.</u>, 65 N.J. 474, 493 (1974). However, in this case, Inservco is not the insurer.

Furthermore, Yew is neither the insured, nor the insured's assignee. "An insurer's duty of good faith and fair dealing . . . has never been applied in New Jersey to recognize a bad-faith claim by an individual or entity that is not the insured or an assignee of the insured's contract rights." <u>Ross v. Lowitz</u>, 222 N.J. 494, 514 (2015). In addition, Yew provided no proof that he was authorized to negotiate with anyone to settle a claim arising out of alleged medical malpractice in his godfather's treatment; he filed suit in his own name, and not as a representative of the decedent or the estate. <u>See</u> <u>Kern v. Kogan</u>, 93 N.J. Super. 459, 473 (Law Div. 1967) (noting that "the administrator Ad prosequendum is the proper party to bring a wrongful death action and the general administrator is the proper party to institute a survival action").

Although a motion to dismiss pursuant to Rule 4:6-2(e) is ordinarily granted without prejudice to filing an amended complaint, see Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 772 (1989), dismissal with prejudice is appropriate if any effort to amend would be futile, Johnson v. Glassman, 401 N.J. Super. 222. 246-47 (App. Div. 2008). The defects in plaintiff's pleading against Inservco are incurable. Therefore, dismissal with prejudice was warranted.[2]

---

[2] Although the order dismissing the complaint with prejudice was proper, we are constrained to express our disapproval of the judge's decision, at the close of oral argument, to entertain Inservco's counsel's request to speak to the judge off-the-record, and, apparently ex parte. After the judge orally decided to dismiss the complaint, counsel and plaintiff pro se each stated he wished to ask a question. The judge heard plaintiff first. He asked if the order would be without prejudice and the judge assured him it would. Then, the court turned to Inservco's counsel.

> Court: Counsel, you had a question?
> Counsel: Yes.
> Court: Okay.
> Counsel: I was hoping off the record, just 'cause it's simply about --
> Court: Oh, okay. Hold on one second.

The transcript ends there, without indicating the subject of the conversation. Plaintiff speculates that the conversation led the judge to convert the order to dismissal with prejudice, despite her oral assurance to the contrary. There is no evidence that the judge and counsel discussed the case at all. Yet, plaintiff's concern is a reasonable outcome of the court's decision to entertain an ex parte conversation with counsel, particularly inasmuch as counsel inquired

Finally, Yew's appeal of the court's orders denying his motions to amend his complaint to add Penn National is moot. After the court entered its order in this case, Yew successfully filed a complaint against Penn National in a separate lawsuit. A dispositive order has already been entered in that case. See Advance Elec. Co., Inc. v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002) (stating that a case is moot if a "judgment cannot grant effective relief").

To the extent not addressed, plaintiff's remaining points lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

immediately after the court ruled and the subject of the discussion was not disclosed. "[J]udges must avoid acting in a biased way or in a manner that may be perceived as partial." DeNike v. Cupo, 196 N.J. 502, 514 (2008). However, the misstep does not warrant reversal, as plaintiff requests, as the complaint remains incurably flawed. See Goldfarb v. Solimine, 460 N.J. Super. 22, 34 (App. Div.) (noting that the appropriate remedy for an appearance of impropriety "depends on the facts and circumstances"), certif. granted on other grounds, 240 N.J. 83 (2019).

A-4604-18T2